# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| RICHARD ALFANO, #2106078 | § |
| | §   Civil Action No. 4:18-CV-512 |
| v. | §   (Judge Mazzant/Judge Nowak) |
| | § |
| JIM SKINNER, ET AL. | § |

**MEMORANDUM ADOPTING REPORT AND**
**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the Magistrate Judge pursuant to 28 U.S.C. § 636. On August 17, 2020, the report of the Magistrate Judge (Dkt. #59) was entered containing proposed findings of fact and recommendations that Defendants Sheriff Jim Skinner's ("Skinner") Motion to Dismiss (Dkt. #27); Michael Mixon, M.D., Correctional Healthcare Companies, Inc., and Southwest Correctional Medical Group, Inc.'s ("Medical Defendants") Motion to Dismiss (Dkt. #29); and McKinney Police Officer Natalie Irwin's ("Irwin") Motion to Dismiss (Dkt. #34) be granted, Plaintiff's claims be dismissed with prejudice, and Plaintiff's pending Motions (Dkts. #52; #56) be denied as moot.  Having received the report of the Magistrate Judge, having considered Plaintiff's Objections (Dkt. #61) and Defendants' Response (Dkt. #63), and having conducted a de novo review, the Court is of the opinion that the Magistrate Judge's report should be adopted.

**RELEVANT BACKGROUND**

Plaintiff filed his Second Amended Complaint—the live pleading—on September 5, 2019 (Dkt. #12).  Plaintiff's Second Amended Complaint seeks relief under 42 U.S.C. § 1983 against Defendants arising out of his medical care while Plaintiff was incarcerated in Collin County. Relevant to consideration of Plaintiff's Objections, it is undisputed that Plaintiff was arrested and

booked into the Collin County Detention Center by Irwin on or about July 14, 2015, and suffered the injury about which he complains within forty-eight (48) hours (Dkt. #12 at p. 4).  Plaintiff did not initiate his suit until three years later, filing his original complaint on July 17, 2018, in the Eastern District of Texas (Dkt. #1).  On August 17, 2020, the Magistrate Judge recommended Plaintiff's be dismissed as barred by limitations.  The report, after noting that the applicable limitations period is two years, surmises:

> By Plaintiff's own admission, his fall "due to [the] lack of [a] wheelchair" occurred within forty-eight hours of his arrival in the Collin County facility and resulted in him breaking his vertebrae, suffering a severed artery, experiencing a stroke, and having a torn shoulder cuff . . . . By and through the instant suit, Plaintiff seeks relief for these injuries. At the latest, Plaintiff became "aware that he has suffered an injury" on July 16, 2015. Thus, Plaintiff was required to file suit no later than July 16, 2017. Instead, Plaintiff filed the instant suit on July 17, 2018 . . . —more than a year after the statute of limitations expired. Moreover, Plaintiff makes "no argument that the statute of limitations should be tolled."

(Dkt. #59 at p. 7).  Plaintiff's Objections were stamped as filed on September 11, 2020 (Dkt. #61). Plaintiff objects to dismissal, contending for the first time that he is entitled to equitable tolling because it was not until 2018 that he was able to file unobstructed (Dkt. #61 at p. 1).  Plaintiff continues on to detail the number of attempts he made to file a class action suit against the Collin County Detention Center and its employees, asserts that if he had been unhindered he would have filed his suit at the latest in October 2016, and purports to list requests he made for lawyer assistance or access to the law library (Dkt. #61 at pp. 2–6).  None of the referenced documents are attached to Plaintiff's Objections.  In sum, Plaintiff details a period of fourteen months he alleges he was hindered in filing his civil suit (Dkt. #61 at p. 6).  Plaintiff declares that he has been incarcerated in the Texas Department of Criminal Justice since January 2017 (Dkt. #61 p. 8). Defendants, in response, argue that Plaintiff's objections are waived because they were never raised in the first instance before the Magistrate Judge, and further that Plaintiff, even if he had

given copies of all the documents referenced to the Court, has not met his burden to submit additional evidence to support his opposition to dismissal (Dkt. #63 at pp. 1–2).

## OBJECTIONS TO REPORT AND RECOMMENDATION

A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a de novo review of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b)(2)–(3).

*Limitations*

Plaintiff does not dispute the applicable limitations period for his § 1983 claims; rather, Plaintiff contends that he was diligent in pursuing his rights and "would have met the 2 year deadline easily" but for Collin County Detention Center hindering him in filing (Dkt. #61 at p. 7). Plaintiff also seemingly asserts lack of access to the prison law library, denial of access to legal materials, and/or lack of legal counsel. Notably, Defendants are correct; none of these arguments were raised before the Magistrate Judge. Indeed, the Magistrate Judge specifically detailed that Plaintiff raised no argument regarding and/or grounds to support tolling (Dkt. #59 at p. 7). For this reason alone, Plaintiff's Objections should be denied.

Moreover, a court may equitably toll the applicable limitations period for claims under 42 U.S.C. § 1983. *See Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir. 1998). "The doctrine of equitable tolling preserves a plaintiff's claims when the strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995). And it "applies only in 'rare and exceptional circumstances.'" *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002). Equitable tolling requires "a showing that '(1) [a litigant] has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mornes v. Valdez*, 414 F. Supp. 3d 888, 891–92 (N.D. Tex. Oct. 25,

2019) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005)) (alteration in original).  Courts apply equitable tolling sparingly; "a litigant may not use the doctrine 'to avoid the consequences of their own negligence.'"  *Vega v. Town of Flower Mound, Tex.*, 737 F. App'x 683, 685 (5th Cir. 2018); *see also Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011) ("Equitable tolling is to be applied 'sparingly.'").

    Plaintiff's allegations regarding lack of access to the prison law library, denial of access to legal materials, and/or lack of legal counsel, to the extent alleged in support of tolling, fail to establish exceptional circumstances worthy of equitable tolling.  *See Boswell v. Claiborne Par. Det. Ctr.*, 629 F. App'x 580, 582 (5th Cir. 2015) ("Boswell's contentions that he is entitled to equitable tolling of the limitations period because he 'had no knowledge of the civil law,' was given incorrect legal advice by a 'prison inmate counsel,' and lacked access to the prison law library while in administrative segregation are unavailing."); *Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that ignorance of the law, temporary denial of access to legal materials, lack of knowledge of filing deadlines, and inadequacies of a prison law library are insufficient to warrant equitable tolling).  And while Plaintiff does contend that the Collin County Detention Center and/or its employees prevented him from filing his claims, Plaintiff avers that he has been in the custody of the Texas Department of Criminal Justice (and not Collin County) since January 2017 (Dkt. #61 at p. 8) and details that Collin County hindered his efforts for a period of fourteen months out of the two-year limitations period (Dkt. #61 at p. 6), leaving by Plaintiff's own admission a gap of approximately six months before the expiration of limitations after arriving at the Texas Department of Criminal Justice and/or the cessation of Collin County's alleged interference (Dkt. #61 at p. 6).  Plaintiff, who bears the burden, does not explain why such gap does not preclude a finding of reasonable diligence.  Also, as Defendants point out, none of the

records Plaintiff references to support his allegations that his suit is not time-barred were filed with the Court. Plaintiff's allegations do not demonstrate that limitations should be tolled. Because Plaintiff has not shown he is entitled to equitable tolling on his § 1983 claims, such claims are time-barred and should be dismissed. Plaintiff's Objection is overruled.

## CONCLUSION

Having considered Plaintiff's Objection (Dkt. #61), and having conducted a de novo review, the Court adopts the findings of the Magistrate Judge's report (Dkt. #59). Accordingly,

It is therefore **ORDERED** that Defendants' Motions to Dismiss (Dkts. #27; #29; #34) are **GRANTED**, and Plaintiff's claims are **DISMISSED WITH PREJUDICE**.

It is therefore **ORDERED** that Plaintiff's Motions (Dkts. #52; #56; #62) are **DENIED AS MOOT**.

All other relief not expressly granted is **DENIED**.

The Clerk is directed to **CLOSE** this civil action.

**IT IS SO ORDERED**.

**SIGNED this 18th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE